1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9

10

11   IN THE MATTER OF            ) Case No. CV 10-1895-ODW(RC)
     PETER ESQUIBEL,             )
12                               ) OPINION AND ORDER
                                 )
13                               )
     _____ )
14

15        On March 16, 2010, petitioner Peter Esquibel, a person in state

16   custody proceeding pro se, filed a request for an extension of time to

17   file a habeas corpus petition challenging his state criminal

18   conviction.  The petitioner states his "dead-line to file . . . [his]

19   federal habeas corpus is April 2010," but his "paper work [sic] has

20   mysteriously disappear[ed] . . . [and he is] trying to track [it]

21   down. . . ."  **However, petitioner did not file an actual habeas corpus**

22   **petition setting forth his claims and the facts supporting his claims,**

23   and petitioner provides no information regarding the court in which

24   his conviction took place, nor the date or nature of his conviction or

25   sentence, and whether he appealed his conviction.[1]

26   _____

27        [1]  Without this information, the Court cannot determine
     whether it has venue or whether petitioner has exhausted his
28   state court remedies.

**DISCUSSION**

Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules") provides that the Rules "govern a petition for a writ of habeas corpus" filed under 28 U.S.C. § 2254 by a person in custody pursuant to a judgment of a state court.  28 foll. U.S.C. § 2254, Rule 1.  Rule 2(a) requires "the petition must name as respondent the state officer who has custody [of petitioner]."  28 foll. U.S.C. § 2254, Rule 2(a).  Rule 2(c) requires the petition to:

    (1) specify all the grounds for relief available to the
    petitioner;
    (2) state the facts supporting each ground;
    (3) state the relief requested;
    (4) be printed, typewritten, or legibly handwritten; and
    (5) be signed under penalty of perjury by the petitioner or
    by a person authorized to sign it for the petitioner under
    28 U.S.C. § 2242.

28 foll. U.S.C. § 2254, Rule 2(c).  Rule 2(d) requires the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."  28 foll. U.S.C. § 2254, Rule 2(d).  This district court, in Local Rule 83-16.1, has prescribed a habeas corpus petition form, which it makes "available to petitioners without charge."  Id.

Under Fed. R. Civ. P. 8(c), the failure to comply with a statute of limitations is an affirmative defense to be raised in a responsive pleading.  Here, petitioner acts in anticipation of that defense.

1  Moreover, the statute of limitations under the Antiterrorism and

2  Effective Death Penalty Act of 1996 is not jurisdictional and may be

3  subject to equitable tolling by a federal court if "extra-

4  ordinary circumstances" beyond a prisoner's control make it impossible

5  for the prisoner to file the petition on time.  Miles v. Prunty, 187

6  F.3d 1104, 1107 (9th Cir. 1999).  Thus, this Court will address any

7  statute of limitations defense, and any request for equitable tolling,

8  when, and if, the statute of limitations is raised as a defense by

9  respondent after a habeas corpus petition is filed.

10

11     Since petitioner, by failing to file an actual petition for writ

12  of habeas corpus on the prescribed form, failing to set forth his

13  claims and provide the facts supporting his claims, and failing to

14  provide pertinent information, has not complied with Rule 2, this

15  action should be summarily dismissed under Rule 4 and Local Rule 72-

16  3.2.  Specifically, Rule 4 provides that "[i]f it plainly appears from

17  the petition and any attached exhibits that the petitioner is not

18  entitled to relief in the district court, the judge must dismiss the

19  petition and direct the clerk to notify the petitioner."  28 foll.

20  U.S.C. § 2254, Rule 4.

21

22                              **ORDER**

23     IT IS ORDERED that Judgment shall be entered summarily dismissing

24  without prejudice petitioner's request for an extension of time to

25  file a habeas corpus petition.

26  //

27  //

28  //

3

1        The Clerk of Court is ordered to serve this Opinion and Order on

2   petitioner.

3

4   DATE: March 22, 2010        _____
                                        OTIS D. WRIGHT II
5                               UNITED STATES DISTRICT JUDGE

6   PRESENTED BY:

7   DATE:  March 17, 2010

8
     /S/  ROSALYN M. CHAPMAN_____
9          ROSALYN M. CHAPMAN
    UNITED STATES MAGISTRATE JUDGE
10

11  R&R-MDO\10-1895.mdo
    3/17/10
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4